## POTOSI CORRECTIONAL CENTER
## APPEAL RESPONSE

**TO:**          **Williamson, Lamont #363930**

**VS:**          **PCC**

**LOG#:**        **PCC-11-659**

**CATEGORY:**    **8 - Other**

**DATE:**        **March 1, 2012**

I have received and reviewed your grievance appeal of 1/26/2012.  You claim that PCC staff is not adhering to policy D5-3.2-Offender Grievance when you request IRR's.  You claim that you had two (2) separate issues that you wanted to file a complaint on (medical and alleged offender abuse); however, you were told that you would receive only one IRR and that it was staff's discretion whether or not to give you a second IRR.  You request at the IRR level for policy D5-3.2, III, J., 2., a., (1) to be adhered to by staff; at the appeal level you request for D5-3.2, III, J., 2., B. to be adhered to by staff.

I have thoroughly reviewed your complaint and relative documentation. I concur with the response issued to you at the IRR and grievance level in that policy D5-3.2, III, K., 1., a., (3) states "It will be the staff's discretion to determine if multiple forms should be provided or if the offender will be required to turn in the form before another form is provided." However, "practical discretion" should be used by staff if an offender requests more than one IRR and they *have indicated more than one legitimate issue* that they want to file on.  Therefore, you should have been provided with two (2) IRR's if the incident occurred the way you describe in your complaint.  Information available to me indicates that CCMII Rob Savage, PCC Grievance Officer, has addressed this issue with the housing unit FUM's at PCC; therefore, housing unit staff should be aware of when more than one IRR should be given to an offender.  If you have more than one legitimate complaint in the future and your request for more than one IRR is denied, I suggest that you request to talk to your housing unit FUM about such *or* you can inquire with staff in the Grievance Office.  You were assigned to PCC from 7/22/10 – 10/25/11 when you were transferred to ERDCC where you remain assigned to date; therefore, conditions at PCC do not affect you at this time.  It should be noted that review of the Grievance Tracking System indicates that you were afforded ample access to the grievance procedure while you were assigned to PCC.

Appeal denied.

| 2/08/2012 | 3/01/2012 | *(signature)* |
|---|---|---|
| **DATE** | **DATE** | **DWAYNE V. KEMPKER** |
| **RECEIVED** | **REVIEWED** | **DEPUTY DIVISION DIRECTOR** |
| | | **DIVISION OF ADULT INSTITUTIONS** |

DVK/rw

ORIGINAL

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE APPEAL**

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| PCC-11-659 | 2-3-12 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Williamson, Lamont | 363930 | PCC |

**REASON FOR APPEAL**

1.) Procedures do allow discretion in issueing IRR forms "
2.)"If # You verbally request two IRR's during rounds and can
provide two legitimate issues you wish to file on, Then
you should be provided the forms."
   Statement by Superintendant/warden
   mr. Fred Jhomson    date: 01-05-12
I had two legitimate issues: Plus a extra one
   1. medical
   2. Offender Abuse by staff/offender
      date: may, 23, 2011 3rd shift  Apprx:time: 5:30
      Witness: Video Security Survalence of 3/15
   3. Abuse of Offender by staff.( failure to protect)
Remedy: J. 2. B. in accordence with 8217.405,410 RSmo. ~~1335~~

| OFFENDER SIGNATURE | DATE |
|---|---|
| Williamson, Lamont | 1-26-12 |

**RESPONSE**



RECEIVED
S
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

MISSOURI DEPARTMENT OF CORRECTIONS
POTOSI CORRECTIONAL CENTER
**MEMORANDUM**

INFORMAL RESOLUTION RESPONSE


OFFENDER NAME: Lamont Williamson  #363930

IRR NUMBER: PCC11-659

NATURE OF COMPLAINT: Your complaint as I understand it is that you allege
that you are being denied IRR's and Grievances by the HU Caseworkers.


FINDINGS: I have reviewed all pertinent information regarding your
complaint and can find no evidence to support you claims.  Furthermore,
D5-3.2 Offender Grievance Pg. 3 III. PROCEDURES:, PG. 9 K. Informal
Resolution Request Process: 1., a., (3) It will be the staff's discretion
to determine if multiple forms should be provided or if the offender will
be required to turn in the form before another form is provided. This
means that if the staff member giving you the IRR does not believe that
there is an emergency IRR needed then you will be required to turn in the
IRR you have been given before another will be issued.


RECOMMENDATION: With that being said, I cannot support your complaint.
Therefore your IRR is denied.



FUM _____  DATE _9/13/11_

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**INFORMAL RESOLUTION REQUEST**

INSTITUTION USE ONLY    ☐ EMERGENCY COMPLAINT

| OFFENDER NAME | | DOC NUMBER |
|---|---|---|
| Lamont Williamson | | |

| DATE STAFF RECEIVED IRR | COMPLAINT NUMBER | CATEGORY | HOUSING UNIT |
|---|---|---|---|
| | PCC-11-659 | B | |

**COMPLAINT - ONE ISSUE - BE SPECIFIC**

Denial of Grievance's by Designee staff.

**STATE YOUR PROBLEM BRIEFLY**

See attached                Date sent: 7/25/11

(14 page's; 15 pages totle)

**ACTION REQUESTED: STATE REMEDIES YOU ARE SEEKING**

See attached: Remedies

**STAFF USE ONLY**

**DISCUSSION OF COMPLAINT (SUMMARIZE RESULTS OF MEETING)**

I put in request for IRRs 4 for issues and I am not getting.

☐ IRR RESOLVED BY DISCUSSION/WITHDRAWN          ☒ IRR NOT RESOLVED BY DISCUSSION

| OFFENDER SIGNATURE | DATE | STAFF SIGNATURE | DATE |
|---|---|---|---|
| Would sign but have pen | 8-12-11 | CCH | 9-12-11 |

**STAFF FINDINGS/RESPONSE**

| INVESTIGATING STAFF SIGNATURE | DATE | RESPONDENT SIGNATURE | DATE |
|---|---|---|---|
| CCA 13286 | 9-13-11 | 23985 | |
| REVIEWER SIGNATURE | 9-19-11 | RESULTS ☐ SATISFACTORY  ☐ UNSATISFACTORY | |

YOU HAVE THE RIGHT TO FILE A FORMAL GRIEVANCE. YOU MUST FILE A GRIEVANCE FORM WITH THE DESIGNATED STAFF WITHIN SEVEN (7) DAYS FROM THE DATE YOU RECEIVE THIS RESPONSE. FAILURE TO SUBMIT A GRIEVANCE WITHIN THIS TIME FRAME CONSTITUTES ABANDONMENT.

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3376 (12-04)

Per Policy,
   D5-3.1:K. Informal Resolution Request Process:
   1., d., (3)
States:
      (3) It will be staff's discretion to determine
         if multiple forms should be provided or
         if the offender will be required to turn
         in the form before another form is provided.
Note:
   Evidence of violation:
            * "Required to turn in the form
      befor another form is provided."

All 2-House Casemaniger's (including assistance's)
have denied me 2-4 Grivences asserting
that, and I goat:
                                          anymore
         "No I am not given you a or
then one I.R.R..It is to my discretion. * You
will have to turn in that one (refering to the
I.R.R.) befor you can get another."

please turn the page

Second witness/evidence: (key evidence)
    Per Policy: D5-3.2, k., 1.
States:
    * 1. Any offender who wishes to file an
        informal resolution request, on a grievable
        issue, should do so* within 15 calendar
        days from the date of the alleged
        incident.

Note: (key Note)
    * D5-3.2 offender Grievance:
        II. Definitions: A. Abandonment: 1.
States:

        Closure of a complaint due to offender's
        failure, within applicable time frames, to:

    1. file a formal grievance.
example: Common Grievance Issues needing addressment:
1.) I came to Dis-seg/Ad-seg on May 23rd of the 2011.
    Staff had had offender Emmerson, Issa assault me
    while they had had me handcuffed and forced (penned) me
    to the ground on my stomach in order to do mayjor
    bodily harm.

                    please turn the page

2.) Medical Nurse respondent staff refused to send me to the Hospital after I repeatedly informed her more the three time's that I was assaulted with Boiling Hot Coffee and that I could not feel my face, and that my Hearing started to leave. It was later discovered my right side of my face peeled off and I ~~sup~~ had a burn blister in my ear that was causen me to go deaf. I am now currently partially deaf, in my right ear do to ~~med~~ medical neglect.

3.) Dr. Mckinney, William refused to send me to the Hospital and decided to "expirement" on my face with sometype of "cream". He denied treatment to my ear. Then refused treatment. It still is unproperly treated (referring to my right ear).

4.) Caseworker assistant(s) have not been doing thier, once a-week, rounds in the infermary and 2-House witch has made my *15-day deadline elapse, for filen a grivence.

please turn the page

Third Evidence (key Note)

   Occording to
                  D5-3.2 Offender Grievance: Ⅲ F. 4.
      "Restrictions for Abuse/Misuse of the Procedure
                  " d. (1), (2)

States:

   " d. The superintendent will review documentation
      Substantiating the misuse/abuse.
      (i) The Superintendent may issue a letter of Caution
      (example form Omitted) or may limit the offender
      to two new complaints per week for a
      maximum duration of 90 days with a Letter
      of Limited filing Status. (example form omitted)

Urgent report (co association)
      Proof of Sexual Harressment/Harressment
      and Abuse of Athoriaty by NON-2 House staff
      and 2 House staff excluding F.U.M miss Cofer.

Miss Cofer, Heather is the FUM overhere
in 2 House and staff has expressed tha "she" is
the "culprit" behind this violation of policy. Not true!
She is not by anymeans envalved. She has not
given any directive to any staff to do any
misconduct.

            please turn the page

Rether, the facts remxin to the position of
the Designee's of grievance. Staff's blatiant
blatiant use of miss Cofer Name as the
indivigual to approve of the grievance is not
by any means that she has anything to do
with thier choice to approve of maltiple
issue's given by a offender who is requesting
maltiple I.R.R. or Emergency Grievances.

The Designee who is handing out the Grievance
is "the preperp".

Miss Heather Cofer is not a co-defendant!
Staff is doing these false report to because she's sexually attractive...
End of "Urgent Report of attempt to sexually Harress-
ment/Harressment to staff by staff.

(2) Subsequent restrictions must be approved by
the division director/ designee and should
be for no more than a 90 day duration.

please turn the page

Note: D5-3.2 III. F. 4. b. (1)
    (5) Note:
       b.

In no instance will an informal resolution request or offender grievance witch would qualify for an emergency complaint be denied due to restrictions.

(1) These complaints will be processed under the procedures for handling emergency grievances until a determination is made that the Compliant is not an emergency issue, as stated in III. G.

Furthermore:
    D5-3.2 III. F. 4. C.
    States.

A list of offenders on Restriction will be documented on the offender Grievance Restriction Log (example form omitted)

please turn the page

SEPTEMBER 27, 2011          L. WILLIAMSON, #363930          2C-20

Mr. Williamson:

As I understand your concerns, you are concerned that Offender Emerson is in the same housing unit as
you.  However, it is noted that you are in separate wings, and should therefore have no contact with each
other.  I will, however, forward a copy of your letter to Ms. Cofer so that she can review your concerns to
determine if there is something more to the issue.  I'm not sure I understand your allegations that someone
altered your hearing form.  I will ask Ms. Cofer to review that issue as well.
C:  Cofer

*Endangerment : Conspiracy issue*

09/23/11

From: Williamson, Lamont    ID. NO. #363930    2C-20
To: Mr. Troy Steele - Warden
Subject: Violation of §217.405 R.S.MO.[2009] Offender Abuse, ect. 2.
         and §217.410 R.S.MO.[2009] Abuse of Offender, duty to report,
         --- ect. 3., 10. by 2-House staff member's
         Casemanager (Name not avialible) and Sgt. Forbs

Mr. Steele - Warden,
   Today two [2] violations happen. Both pretaining to
endangering a offender...
                    First

I had a medical Doctor Sick Call and officers Giles
and Nunn responded to my cell. I was given my
Oranges. At that time a offeander hallerd for a Inmate
by a formil Nickname. As I locked out my door
window, there was Issa Emmerson. Emmerson is
my enemy. I refuse to sign enemy wravier's with
Emmerson. And I have requested P.C. needs due
to maltiple reqscars, dealing with the incident on
05/23/11 and Emmerson, Issa's backgr... nd and family
being here on this camp... As required by policy.

In informed your officers. They reported the situa-
tion. Well, mr.s Giles did. Someone *Dismissed
her report and sent her and CO.I NUNN back
to get me.

1 of 6

She relied that indivuguals message that:
"Emmerson signed a Enemy Wavier." She
apperently was unconicous[spelling my be wrong: "aware"
is another word] of policy and procedure. You know
CO.I's are not C.C.W's or C.C.A's or higher and are (who)
required to know these set of policies adequately.

While, I informed her that I did not sign the
enemy wavier. And that for me to go in that
hallway or anywhere near him IS a derict
violation of Safity and Security. I also informed
her someone is seting her up. Her and NUNN,
by tring to force them to carry-out a illegal
task. See 217.405 R.S.MO. [2009] offender Abuse, penalty ⋯
⋯ ect. 2., 3. and 217.410 R.S.MO. [2009] Abuse of Offender,
duty to report, penalty ⋯ ect. 1., 3., 10.

By Who ever Dismissed her report strictly violated
polcy by tring to risk my safity, anyway. And
you and I both know we can't valch for what
Emmerson would have did as positive as we
would want to think or beleave. "Courage" is
not to be tested at this point where P.C.
Needs is being request and provided, at this
small amount of "Return to 2C-20". The indivugual
who made that call violated a strict code of
Safity. And you may not agree, but Grievence

2

is the next stage if nothing is done in
occordence with R.S.MO 217.405 and 217.410.
penalties and report section...

## Second

Someone on this same day tried to have me
moved again by altering my Ad-seg recommen-
dations, in secret... Function Unit Manager
Cofer was not at the Ad-Seg hearing and is
not really aware of who I am. And I do
not beleave she'll change a Wardens and
FUMs approvel and recommendations.

I hold a copy of my recommendations. It states:

1. Continue ADS. 2. REtain 2C-20
On my Initial hearing I requested P.C. Milam
~~Rited~~ Williams neglected to recommend P.C. like
he said he was going to do. No one disagreed
to those recommendations. Mr. William neglected
to do it. [words don't amount to anything unless it's
written, when other's are involved. This you know for sure
when it comes to handlen Responsibility as a officer.]

3

Ad-Seg hear on 07/06/11 was my last hearing.
The two [2] recommendation where issued at that
time, by mr. Brian Allen. It was approved by
Ian Wallee [I don't know how to spell dude last name,
man!!!]
The FUM did occording to I.S., yet thats not the
issue.

Issue:

Sgt. Forbs cohersd me to move out of my cell and when
I got to the cell, It was my enemys Cousin
behind the door.
Mr. Darryl Kelly is Issa Emmersons Cousin...

I know who mr. kelly is. I meet him a S.C.C.C.
We never had any misunderstanding. Nether
did I associate with him. He is respectful
and polite. But he aint a joke ither. We
respect one another, but don't misinterpt us.
We'll go pound fer pound to the ground.

Mr. Kelly spoke first: "You don't want to come in
here, Lamont."
In respect: "I know. I'll halla at you later."

I declared in occordence with policy at moment.

4

Sgt. Forbs Cohersion was: And I goat:
"While, see here's the thing about going to P.C.
this is policy. You got to go to a 2-man
cell in order to go to P.C. See, you got
to do 30-days in a two man cell in order
to go to P.C."

I asked him who was in that cell [cell 25].
He told me.
"Uh-, oh, I think its someone tring to go
to P.C. to. I don't know who it is. I seen
that list, it had about 25 names and I
can't remember any of them, you know."

This is a violation of Offender Abuse policy
R.smo.. See §217.405 Offender Abuse, penalty ·· ect.
2.
  2. A officer or employe shall not knowingly risk, harm,
  subject, harass, assault or allow a offender to be
  assaulted by offender or employe of the Department
  of Correctionis or someone employeed by the D.O.C.
  This is a Class B[?] felony.

Sgt. Forbs is while aware that he should have called
on his walky talky to the bubble officer to find
out who was in that cell. Even though, he should
not have allowed the move anyway due to Ad-seg
Recommendations. See attached Ad-seg hearing form

Mr. Steele, please return my Ad-seg form.
It my be needed for grievance purposes.
Thank You, Sir. I appreciate it..

extra report:[ethics]

I don't beleave the Fum
is by any means be-hind
the scheduling of this room
move. Someone in medical
Neglected thier duties by
Scheduling the way they did to!!
Cordially / Sincerely

Lamont
Williamson,

p.s.s.
I am pretty sure
if my Ad-Seg recommendations
have changed, the Computer
that was used to change
it can be tracked down
by a series of codes by
a investigator. [It's
a safity and security
ethic procution.] anyway,
Video survalence will
Show who was at that
mechine at it's actual
date and time of changing

p.s.
I sent you a letter
from a friend in a
Complaint about her
address being stole
and her being wrote
by one of my enemies
on my enemy list.
Can you send that
back to me to, sir.
the Complaint was never
answered but according
to a different I.S. policy
they said that it ment
that it was beleayed and
being handled. I beleave
it applies here to. But
That's the last letter I
got form her cause I told
her I'll write her and
told her don't write no more
I'll let her know if I'm alive...
Can I have my babie [baby] letter
back?

09/24/11

From: Mr. Williamson, L. ont I.D.NO. #963930 2C-20
To: Heather Cofer [miss or mr.s(?)] - FUM
Subject: Report of endangerment by staff [Sgt. and
whom ever made that move list on 09/23/11]

[?]Cofer,
Hi, my name is mr. Williamson and I am reporting
a violation of _Neglections of duties_ by staff. Yet, I
beleave there my maybe _foul play_ within the ranks
of Caseworkers. Someone is tring to set officer's
up to get fired or worse and at the same time
have me hurt or even worse.

Violations

I was put on the _2-man acclamate list_ to go to _A-Wing_
_cell-25_, with offender _Darryl Kelly #1035202_ ...
Mr. Kelly is the _cousin_ of offender _Issa Emmerson_.
Mr. _Emmerson_ is the offender who I am in the hole
for now. See _25.1 cdv_ and _Initial Ad-seg hearing_
form for verification.
Ma'am, on my _second_ Ad-seg hearing It was recommen-
ded that:
*1. Continue ADS   2. REtain 2C-20
It was approved... See _both Ad-seg statement for_
reason.
Ma'am, who ever put me on that move list _tried_ to
get me ether severly hurt or worse. because per policy
Family members of a enemy goes _directo on_ that enemy
list ☒ also. Mr. Emmerson has a _big brother and cousin_
pg. 1 of 6

here at P.C.C. and mr. Milam William was informed
at that Initial hearing that they where here by
me. Per policy that's neglection of duties to report...
also, mr. Emmerson is a Crip Gang member, ma'am.
Mr. William, Milam - C.C.W. is aware of that to and
did not report that also. I requested P.C..
He failed to recommend me as to the P.C. Committe
as required by law. See §217.410 R.S.MO. [2009]
offender Abuse of Offender, duty to report, penalty ... ect. 3., 10.

Associations are to be investigated if a physical
altercation happens between offenders. Its a
Federal Policy, and when that information is given
in request for Protective Custody needs, one is
to verify/report that information. Expecially
family and Gang affiliation. A background
Cheak was to be done befor the hearing and
this information should have already been devalged
by the team members befor commence Commencement ...

When I got to Cell 25, A-Wing. Mr. Kelly was at the door.
He told me: "You don't want to come in here Lamont."
I told mr. Kelly: "I know."
Me and mr. Kelly know of each other from S.C.C.C. and
Never had any misunderstandings. He and I are
quight the same. Mr. Kelly is not a joke. Even
so, though he is a polite and mannerable person.

2

Mr. Kelly is not to be ~~likely~~ lightly. Mr. Emmerson is his family, and family is what counts. In other words, "Blood is thicker then Mud." We both ~~beleave them~~ beleave this.

Someone alter my file in order to put me in the Cell with mr. Kelly. Knowing he is Emmerson's family member. The only people who know about Emmerson's family, that I know is both Ad-Seg teams. And only the Second Ad-seg team, held by mr. Brian Allen, took security measures to keep me out of **harms** ways, as I requested and informed him. See Ad-seg **from** 07/06/2011:

<u>Second Violation</u>

Earlier that same day, I had a Doctor sick call appointment. I was in my cell, and Emmerson was in the hallway waiting to go to medical to. I informed mrs Giles [C.o.I] that he was my enemy. She reported it. A Caseworker *dismissed the report and tried to have me forced into a dangerous situation, by informing C.O.I mrs Giles that Emmerson signed the ~~enemy~~ waiver so I had to go to medical.

I informed mrs Giles that: "It doesn't matter that he signed it. I refuse to sign it. Period.! He's my enemy. I can't go around him, because

3

I declared P.C.. She reported it.

A Caseworker sent her back to my cell again [with #C.O.I NUNN who is a witness] and told her, ~~with~~ which ~~set~~ She told me, that he was going to escort me over personally and that he was going to make sure I was not going to be around him.

Per Policy this incident should <u>Not</u> have even happen, period.. Yet, a <u>rescheduling</u> was to be proformed... This is a derelection of duties to report by Casemaniger _____[?].[No one told me because I forgot to ask who. My fault for not asking, ma'am. I'm sorry. I appologize.][I have alot of importent things on my mind at this time.] See <u>§217.410 R.S.M.O.[2009] duty to report.</u> <u>3., 10.</u> and <u>§217.405 R.S.M.O.[2009] Offender Abuse. 2.</u>.

Who ever this guy was is Not concerned or worned about my safity or thier CO-workers freedom~~an to~~. They tried to force me out of my cell by <u>Cohersen</u> and ~~my stead~~ <u>Ordering</u> thier suboraments officers [lower ranking officer's] to <u>break</u> the law...

C.O.I NUNN denied my medical appointment by closen the chuck hole. He Never gave me a reason why. I was combing my hair. Per Policy, I'm allowed that. I got thick good hair for a 32 year old. I gotta put water in it so it dont take so larg.

feel me?

I took a blood test to cheak and see if I have cancer. The <u>Doctor</u> ordered it, because I have a large ~~tumb~~ lump under my left arm. I beleave this was what it*was for but I don't know. They never told me, Ma'am. [* it: MSR.]

If it was <u>not</u> rescheduled, then C.O.I Nunn committed "<u>Deliberit Indeferrence</u>". That's a violation where a officer interruptes or interfers or cancels a medical situation without justifiable cause. If he claims that: "I took to long"; that is ~~commit~~ Committing to <u>deliberit indeferrence</u> by prison official occordiarg to <u>R.S.Mo. 217.405 Offender Abuse 2.</u>: denial of medical <u>treatment</u> by <u>non-medical staff</u>; ~~with~~ without authorazation to do so.

If he had made a report to medical, of the situation, and ~~they~~ rescheduled my appointment. Then I appoligize for my assertion. But it is what is presently known to me, at this time... With all due respect that is why I am reporting it now.

Security Survalence and writen ~~time~~ file will verify my claims. I ~~dam~~ declare under the penalty of perjury that the foregoing is true and correct.   date: 09/23/11   at P.C.C.; Mineral Point, MO. 65660.

Respectfully Submitted

Lamont Williamson
Inmate ID. NO.#363930
2C-20



*DIVISION OF ADULT INSTITUTIONS*

*Potosi Correctional Center*

Corrections Caseworker II

## *Inter-Office Communication*

**Offender Name: Lamont Williamson #363930**

**From: Teri Lawson, CCWII**

**RE: PCC-11-590**

Nature of Complaint: Your complaint, as I understand it is, you believe that your Protective Custody needs have gone undocumented and your safety needs are being neglected.

Findings: After a thorough review, I cannot find any evidence that indicates CCWI Milam indicated that he would refer you to the Protective Custody Committee. I have found that Offender Emerson #1192534 was placed on your enemy listing on 6/21/11. Also, you have twice refused to sign enemy waivers with Offender Emerson on 6/16 and 6/21/11. This is the only unwaived enemy you have at PCC and you have not provided any additional names at this time. Currently, you are pending review by the Ad-Seg Committee on 10/4/11 and still need to two-man acclimate. Once your behavior has modified and the Ad-Seg Committee determines your release is appropriate, they will refer you to the PC Committee so that proper placement can be determined. In the meantime, please do not hesitate to provide the names of any offenders you feel are wishing to cause you serious harm.

Recommendation: Based on my findings, I cannot support your claim.

Endangerment· Conspiracy issue

## POTOSI CORRECTIONAL CENTER
## APPEAL RESPONSE

TO:          Williamson, Lamont #363930

VS:          PCC

LOG#:        PCC-11-590

CATEGORY:    1 - Classification

DATE:        January 12, 2012

I have received and reviewed your grievance appeal of 12/03/2011. You request to know if CCMII Milam reported your (alleged) request for Protective Custody (PC) in accordance with policy IS21-1.3-Protective Custody. You do not give a date that you (allegedly) requested such; however, you do indicate that such was related to an incident that occurred at PCC on 5/23/11 and resulted in you being issued a conduct violation for Rule #25.1-Fighting (with Offender Issa Emerson #1192534).

I have thoroughly reviewed your complaint and relative documentation. After review of all information available to me in regards to this matter, I find that the response issued to you at the grievance level adequately addressed your complaint. All indications are that your PC needs were addressed by PCC staff. It should also be noted that you were assigned to HU #1 (Ad Seg/*one-man cells*) at PCC from 5/24/11 – 6/06/11 at which time you were in no danger of being assaulted by your enemies. It was recommended by the PC Committee on 9/29/11 for you to be transferred from PCC due to your violent history and you not being an appropriate candidate for the PC unit. Housing unit records indicate you were transferred from PCC to ERDCC on 10/25/11 where you remain assigned to date. Your transfer from PCC was due to you having unwaived enemies at PCC and due to you not being an appropriate candidate for the PC unit. Further action is unwarranted in regards to this matter.

Appeal denied.

12/16/2011          1/12/2012          *signature*

DATE                DATE               DWAYNE V. KEMPKER
RECEIVED            REVIEWED           DEPUTY DIVISION DIRECTOR
                                       DIVISION OF ADULT INSTITUTIONS

DVK/rw

**STATE OF MISSOURI**
**DEPARTMENT OF CORRECTIONS**
**OFFENDER GRIEVANCE APPEAL**

ORIGINAL

| GRIEVANCE NUMBER | DATE FILED |
|---|---|
| Pcc 11 590 | 12-14-11 |

| OFFENDER NAME (LAST NAME, FIRST) | DOC NUMBER | INSTITUTION |
|---|---|---|
| Williamson, Lamont | 363930 | Pcc |

**REASON FOR APPEAL**

1) Staff continues to not address the issue of Grievance.

2) The issue is. Did Mr. Millam report my request for P.C. in accordance to Policy and Procedure IS.21-1.3 Protective Custody III. Procedure, in accordance with Authority: 217.#175, 217.215 R.S.mo.

3) Staff is avioding the subject of 217.410 R.smo. Ef Abuse of Offeder, "duty to Report.; requierments by make excusses...

4) Staff is/has not address C.C.W Millam, William Neglection of duties. deliberitly.

5) On date 9/28/11 The Ad-seg committee was: mrs/ms.Cofer,Heather,chair; mr. Allen, Brian, member; and mr. NewBerry, Lonnie, (Sgt.) member. Not mr. William Millam. They have nothing to do with this grievance. (see attach Evidence Exhibit A) Remedy:

Mr. Millam to receive charges of failure to protect, failure to report and in occordence with §217.410 R.S.mo. Abuse of Offender, duty to report, penaltys...ect.1.2.7.

OFFENDER SIGNATURE: Lamont Williamson
DATE: 12/03/11

**RESPONSE**

ECEIVE
DEC 16 2011
DIV OF ADULT INSTITUTIONS
CO GRIEVANCE UNIT

| SIGNATURE | DATE |
|---|---|
| | |

Finalization of this appeal represents exhaustion of this grievance pursuant to federal law, 28 CFRs 40

| OFFENDER SIGNATURE | DATE |
|---|---|
| | |

MO 931-3378 (5-03)

09/20/11

From:
 Williamson, Lamont ☺
 2C-20   ID #565950

Conspiracy issue
Two man cell "requirement"
They tried to force on me.

TO:
Miss █
Cofer — FUM

RE:

I am sure you are of the guidelines of Minor CDVs. So I
won't need to express them I hope. Miss Cofer, My last CDV
was a 25.1. Before that a 19.1. Ma'am, I only have 3 CDVs
at this camp. All Minor's. I've placed in a request to see
the P.C. committee. And I have declared need for Protective
Custody. I am to see them at the end of my Ad-seg time.
Ma'am my question/request is.

How many CDV's are on my record for the last 6 months?
you have! however it has been noted that you refuse
Note:    to double cell, you will be required to double cell
Reason: I ask is I have been lied on by C.C.W's At my Ad-Seg     prior to being considered fa
Hearings sence I been hear. And I'm tring to go to p.c..     PC
I tring to get out of this *Rat (mice) infessted hole they call
dis-seg/Ad-seg confinement. I don't won't to be siten-up
argueing with staff about CDV's falling of my record. That's a
waste of all of our time. When you are ready to double cell, let me
Treat me fair and I won't hold no arguement, Ma'am. know.
                                                    I will then refer you to the PC
clever!.         *: Lastly                              connictee
You got a mouse infesstation problem down here in 2-House. I tried
turning in a live one. Staff killed it in the bubble. I killed 7 and turned
them in on 09/19/11. ☺(text) And killed one today. That's my report, live from
                                              For W/ Mouse swin hve 2 ☹ ☺

Mr. Williamson:

If the information you have requested is for litigations purposes, you should request it through the
discovery process. I would remind you that before you can litigate any issue, the courts have mandated that
you must exhaust all administrative remedies available to you (i.e. offender grievance procedure).

$\mathcal{E}$xhibit A.

August 1st, 2014

To: Warden Steele
From: Williamson, Lamont   #368930   2C-20
RE.

mr. Steele, please send me all of the names
of the reporting officer's that responded to
3-B during the reported incident 25.1
engageing in a unathorized altercation
on May 23rd, 2011, Sir.

Court Purpose
(defendants)

Cordially,
Mr. Williamson, L.

Received

AUG 0 1 2014

Potosi Correctional Center

Exhibit B

JULY 1, 2011          L. WILLIAMSON, #363930          2C-20

Mr. Williamson:

If you don't believe that you are receiving appropriate treatment, you should initiate the
offender grievance procedure. That way, if you aren't satisfied with the local response,
you can appeal to Central Office.

In response to the other issues you relate in your correspondence, you certainly have the
right to file suit against me if you so desire, but I would remind you that the courts
require that you exhaust the administrative remedies available (i.e. grievance procedure)
before initiating litigation.

Dr. McKinney is employed by CMS. I would ask that you contact Ms. Randolph and ask
her who supervises Dr. McKinney.

4 ø tolle

pages:

page 1

Received June, 2011

JUL 0 1 2011

To: Warden Steele                          6/28/11

From: Williamson, Lamont. Warden 263930    2C-2C
Crossroad Correctional Center

Complaint Issue: Medical

Sir,

Your Dector's have started a quibble
yester day with me during the "Emergency
Dr. Sick Call" about his neglect and
Mal pratractise concerning My neglected
Burn Blister. (2nd Degree burn in my ear canal)
My hearing Could have been saved,
If, he would have sent me to the
hospital and let a specialist handle
this emergency situation.!! He called
a nurse in the office, hallering her
name, yelling for assistence, and
Creating a scean in front of every-
body! (all in one) The female reporting
Officer even came into the medical
office. He call me "Unappriciative":
"He doesn't appriciate anything".!
His racist manner hit it's unprofessional
peck when he stated a threat to me:
"No, you can't have a specialist, (See you. And
your not going to argue!" I never even

2 pg.

made a aguementive statement. I gave
a brief histroy & assisment of his treatment
~~and~~ (my facial scare's) and then when over
my ear canal, not being treat, at all. I
there asked if I could get a "second opion"
He refused me that.
I asked if a specialist could look and
see what's goin or treat if, sence he "Can't
treat my Burni womb". He acknowledges
he is ᴺᵒᵗskilled in the department of "ear
medical treatment".
Why not do as policy state's. It clearly
Orders him to have me sent the
~~to Bease~~ Hospital to be examed and &
have a specialist's assisment of the
~~Se~~ sitaation. I had %100 hearing befor
your gaurd had that offender jump on
me, you pumpus old man. Now I'm
%85 Deaf because of your Doctor!!
(That %85 percent Deaf rate is Not a actual
Medical assisment I can't ~~some~~ seem to
truely measure it because of my left.
I know I can't hear out of my right!!)
(it's because of your Doctor and Gaurds.
(3-house, ~~2nd~~ shift reporting (1st shift also)office!)
3rd

pg 3

Im Sueing you, you basterd!
Cause as you said?

"I dont know anything about medical.
I can't do anything about it."

Qoat un Qoat

p.s.
   Who is Dr. Williams Mckinney's Superiour,
   Sir?

Court Perpose.

Cordially

Mr. Lamont Williamson

p.s.s.
   The Doctor, the Nurse, and the reporting
officer that day when I reported mal practise
in his office literally Jump up and Hollered
"Oh No, you gotta go. Get him out of here.
He doesn't appreciate anything" Qoat un Qoat

page 4

Note:
    I was not issue a CDV. ☺

P.S.S.S.
    For give me for being upset. I've had this infectiou senice May 25, 2011. I'm sure you don't understand what pain I'm going through.!! ☺

Are you going to have someone try to hurt me?

Or -, are you going to have one of your officer set me up, by allowing them to sudjest or just "allow" them to do it.

Are you going to force me into General Populatiou knowing there are a group (Issa Emmerson has a big brother and a cousin out this camp waiting for me and him to get out of the hole, while to see if I'll come the hill.) of offenders tring to seriously hurt or even (possiable) kill me?

AKPCLH                    Missouri Department of Corrections              Page -        1
Time - 14:41:58           Offender Management Information System          Date -   7/05/11
                            CLASSIFICATION HEARING FORM

Institution: PCC                                      Date of Hearing: 07 06 2011

DOC Name: LAMONT  WILLIAMSON          2C·20-01          DOC ID:      363930

Form: CLASSIFICATION HEARING FORMS

Type of Hearing: AD SEG 30 DAYS

Offender Signature: _____ would sign _____

Committee Chair: E0024723  ALLEN, BRIAN          _Alle Aety Fm 24733_

Member:          E0038722  GIFFORD, STEVEN

Member:          E0119527  POGUE, BRIAN          _Pogue ccut 119527_

Superintendent:

Recommendations:
    CONTINUE ASSIGNMENT

Final Disposition:
                   APPROVED      ✓ 7-7-11
                   DISAPPROVED

Next Review Date: 10 04 2011

TEXT from Comments:
    Reason for Hearing: 30 day review.
    Assigned ADS on 6-10-11 due to 25.1 referal.


    Offender Statement: I refuse to sign enemy waiver due to his history.  I
    have no friends here.

    Summary of Findings: 1 listed enemy at PCC and refuses to double cell or
    sign waiver.

    ( Recommendation: ) 1.Continue ADS.  2.REtain 2C-20.

Exhibit C

MS_____ DFU ___ OPII_____
VS RESTRICT____ XC 01

Name: LAMONT  WILLIAMSON                          DOC ID: 363930

AKPTSC                                                                                          Page -      1
Time: 13:11:58           **TEMPORARY ADMINISTRATION SEGREGATION CONFINEMENT FORM**
**Missouri Department of Corrections**
                         **Offender Management Information System**                    Date:   9/23/11

Institution: PCC

**DOC Name:** LAMONT   WILLIAMSON                                              **DOC ID:** 363930

**From:** 002 02A 00025 001                                        **To:** 002 02C 00020 001

**Date:** 09/23/2011                                                           **Time:** 01:00 PM


**CONFINEMENT IS ORDERED ON THE BASIS OF THE FOLLOWING CRITERIA:**
For the security and good order of the institution.


**STATEMENT OF FACTS IN SUPPORT OF TASC/COMMENTS:**
PROTECTIVE CUSTODY REQUESTED BY OFFENDER
OFFENDER WILLIAMSON PLACED ON TASC/PC STATUS. HE CLAIMED HIS CELLMATE, KELLEY, DARRYL
#1035202 AS AN ENEMY.

**Supervisor:** E0038722    GIFFORD, STEVEN

**CONFINEMENT IN TASC:**
**REASON:**

**The hearing shall be held on or before:**

**Superintendent:**


ENemy request


Exhibit D


**Name:** LAMONT   WILLIAMSON                                        **DOC ID:** 363930