UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1548 CAS |
| ) | |
| TROY STEELE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamont Williamson (registration no. 363930), an inmate at Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment.  At all times relevant to the complaint, plaintiff was incarcerated at Potosi Correctional Center ("PCC").  Named as defendants are Troy Steele (Warden, PCC), Unknown Null (Correctional Officer), Unknown Morris (Sergeant), William Milam (Case Manager), William McKinney (Doctor), Tamra Unknown (Nurse), Jean Unknown (Nurse), Robin Unknown (Nurse), Unknown Casey (Nurse), Unknown Breniun (Correctional Officer), and several John Does.

Plaintiff alleges that on May 23, 2011, another inmate threw boiling hot coffee onto his face, after which they got into an altercation.  Plaintiff claims that following the altercation with the other inmate ended several John Doe defendants maced him

in the face for no reason and allowed the other inmate to kick him in the face while he was handcuffed.

Plaintiff alleges that he got third degree burns on his face as a result of the coffee. He also alleges that boiling coffee got into his ear canal, injuring it and causing him to lose hearing in the ear. Plaintiff asserts that he sought treatment for his burns from medical staff. Plaintiff says that defendant Jean Unknown was the only person who examined him initially. Plaintiff claims that she told him he deserved what had happened to him, and he says she refused to send him to the hospital.

Plaintiff was sent back to his housing unit. Plaintiff claims that he tried to wash his face but his skin was falling off. Plaintiff called a medical emergency, and he was seen by defendant Unknown Casey. Plaintiff claims that he again requested to be sent to the hospital but that Casey refused. Plaintiff says Casey called the doctor, who told her to give plaintiff a narcotic for his pain and have plaintiff spend the night in the infirmary. Plaintiff avers that he told Casey he was deaf in his right ear but that she told him there was nothing she could do about it. Casey applied bandages to plaintiff's burns.

Plaintiff was seen by defendant McKinney on May 24, 2011, who diagnosed plaintiff as having third degree burns on his face and second degree burns on his right arm. Plaintiff reminded McKinney that he could not hear out of his right ear, but

McKinney told plaintiff he could not do anything about it. Plaintiff asserts he insisted that McKinney look in the ear. According to plaintiff, McKinney found a "burn blister" in the ear and lanced it. Plaintiff claims that a disgusting fluid came out of his ear. Plaintiff says he requested to be taken to the hospital but McKinney refused the request.

Plaintiff alleges that he then developed an infection where the blister had been lanced. Plaintiff asked McKinney for antibiotics, and he told McKinney he was allergic to Penicillin. Plaintiff says that McKinney gave him "Mocicillin," which the Court construes as Amoxicillin, and plaintiff claims that he had an allergic reaction to it. Plaintiff claims that Tamra Unknown took away the Amoxicillin but did not provide him with a replacement antibiotic.

Plaintiff claims he requested protective custody from defendant Milam. Plaintiff claims Milam scoffed at him but told plaintiff he would refer him to the protective custody committee. Plaintiff asserts that he was found by a disciplinary committed to have failed to acclimate to a two-man cell and was sent to disciplinary segregation for thirty days.

## Discussion

The complaint states a claim against defendants William McKinney, Jean Unknown, Unknown Casey, and several of the John Doe defendants who allegedly

helped the other inmate assault plaintiff while he was in handcuffs.  The Court will order the Clerk to send a waiver of service of letter as to defendants McKinney, Unknown Casey, and Jean Unknown.  The Court does not have sufficient information to order service of process as to the other defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendants Troy Steele, Unknown Null, Unknown Morris, Unknown Tamry, Robin Unknown, Unknown Breniun, or William Milam were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants William McKinney, Jean Unknown (Nurse), and Unknown Casey (Nurse).  These are alleged to have worked for Corizon or Correctional Medical Services at Potosi Correctional Center during 2011.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants William McKinney, Jean Unknown, and Casey Unknown shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Troy Steele, Unknown Null,

Unknown Morris, Unknown Tamry, Robin Unknown, Unknown Breniun, or William Milam because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

                                                  */s/ Charles A. Shaw*
                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of December, 2012.