UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1548 CAS |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on its own motion. On March 13, 2013, the Court granted plaintiff's motion for appointment of counsel in this matter. That same day, the Court ordered that appointed counsel file an amended complaint within thirty (30) days. After being granted an extension of time, appointed counsel filed an amended complaint on plaintiff's behalf on May 13, 2013. Appointed counsel also filed notices of waiver of service for six (6) of the defendants.

The Court has reviewed the amended complaint and notices of waiver of service and finds that they are defective in a number of respects. First, the Court notes that plaintiff's amended complaint does not comply with Rule 10(a) of the Federal Rules of Civil Procedure because the caption does not include the name of each defendant. Rule 10(a) states in pertinent part, "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Because an amended complaint supersedes the original and renders it of no legal effect, see In Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600, 603 (1996), the allegations of the original complaint may not supplement any deficiencies in the amended complaint. Counsel should have named all defendants in the caption of the amended complaint.

Second, appointed counsel named "Nurse Jean Unknown" and "Nurse Unknown Casey" as defendants in the case. These defendants were named in plaintiff's original complaint. On February 11, 2013, plaintiff was ordered to provide the Court with both the first and last names of Jean Unknown and Unknown Casey, and addresses where they could be served.  Plaintiff was warned that failure to provide the Court with the names and addresses of defendants Jean Unknown and Unknown Cases, would result in dismissal, without prejudice, of his claims against these two defendants.  Plaintiff did not provide the full names and addresses for these defendants within the time allowed, and appointed counsel did not supply the missing information in the amended complaint. The Court cannot effectuate service of process without the full names and addresses of "Nurse Jean Unknown" and "Nurse Unknown Casey."

Finally, appointed counsel filed with the Court the form "Notice of Lawsuit and Request to Waive Service of Summons" for six of the defendants. Plaintiff is proceeding in this action in forma pauperis, and pursuant to 28 U.S.C. § 1915(d), the Court is to issue and serve all process. Appointed counsel should not have attempted service through waivers.

In light of these defects, the Court will order that the Clerk of Court strike from the record plaintiff's amended complaint.  Appointed counsel will be ordered to file an amended complaint that complies with the Federal Rules of Civil Procedure, and the Court will effectuate service of the new amended complaint pursuant to 28 U.S.C. § 1915(d).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall delete the amended complaint [Doc. 25] from the record.

**IT IS FURTHER ORDERED**  that plaintiff's appointed counsel shall file an amended complaint on or before May 24, 2013. The amended complaint shall comply with the Federal Rules

of Civil Procedure, in that the caption of the amended complaint must name all defendants to the civil action, and plaintiff's appointed counsel shall provide the full name and addresses of all defendants so that the Court can issue and serve process pursuant to 28 U.S.C. § 1915(d).

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __20th__ day of May, 2013.