UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAMONT WILLIAMSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:12-CV-1548 CAS |
| TROY STEELE, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Troy Steele, George Lombardi, and the Missouri Department of Corrections' motion to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion and filed a response memorandum. Defendants filed a reply memorandum in support of their motion. The motion is fully briefed and ripe for review. For the following reasons, the Court will grant defendants' motion.

*I. Background*

Plaintiff Lamont Williamson is a prisoner residing at the Southeast Correctional Center in Charleston, Missouri. At all times relevant to this suit, he was an inmate at the Potosi Correctional Center ("PCC"). In his amended complaint, plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights and under state law for negligence.[1] Plaintiff brings his claims against Corizon, Inc., a professional healthcare company that specializes in providing medical care in correctional facilities; William McKinney, a medical provider for Corizon, Inc.; Troy Steele, the

---

[1] Plaintiff originally filed a pro se complaint on August 27, 2012. On March 13, 2013, the Court granted plaintiff's motion for appointment of counsel. Plaintiff's counsel filed an amended complaint on June 13, 2013.

warden and chief administrator of PCC; George Lombardi, the Director of the Missouri Department of Corrections ("MDOC"); and MDOC. The individual defendants are being sued in their individual and official capacities. In his amended complaint, plaintiff brings the following nine (9) counts: deliberate indifference to serious medical needs against Corizon, Inc. (Count I); medical negligence against Corizon, Inc. (Count II); deliberate indifference to serious medical needs against William McKinney (Count III); medical negligence against William McKinney (Count IV); failure to protect against MDOC (Count V); negligence against MDOC (Count VI); failure to protect against Lombardi and Steele (Count VII[2]); negligence against Lombardi (Count VIII); and negligence against Steele (Count IX). For relief, plaintiff is asking for money damages, punitive damages, attorneys' fees, and costs. He is not asking for injunctive relief.

Defendants Corizon, Inc. and William McKinney answered the amended complaint. Defendants MDOC, Steele, and Lombardi responded by filing a motion to dismiss, which is presently before the Court. In their motion to dismiss, these defendants make the following arguments for dismissal: (1) plaintiff's claims against defendant MDOC, and defendants Steele and Lombardi in their official capacities are barred by the Eleventh Amendment; (2) plaintiff's claims against MDOC are based on a theory of respondent superior, and there is no vicarious liability under 42 U.S.C. § 1983; (3) plaintiff fails to adequately plead the necessary elements for his § 1983 claims of failure to protect, failure to train, and failure to supervise against defendants Lombardi and Steele; (4) as to plaintiff's state law claims of negligence against Lombardi and Steele, plaintiff fails to plead a causal connection; (5) as to plaintiff's federal claims against Lombardi and Steele in their individual capacities, they are entitled to qualified immunity; (6) as to plaintiff's state claims against

---

[2]Mislabeled as Count VIII in the amended complaint.

Lombardi and Steele in their individual capacities, they are entitled to official immunity; and (7) plaintiff's state law claims are barred by the public duty doctrine.

## *II. Allegations*

Plaintiff alleges in his amended complaint that on May 23, 2011, he and his cell-mate were involved in a physical altercation in their cell, and that during the course of the altercation, plaintiff's cell-mate threw boiling coffee on plaintiff causing him to sustain severe burns on his face and ear. Plaintiff further alleges that unidentified MDOC officers responded to the situation and sprayed plaintiff in the face with mace. Plaintiff claims that he was then restrained by the officers in his cell, and while he was handcuffed lying with his face to the ground, an officer walked his cell-mate toward plaintiff and "releas[ed] him" allowing the cell-mate to attack plaintiff. See Doc. 38 at 4, ¶ 13. Plaintiff alleges that his cell-mate was allowed to violently kick him in the head.

Following the incident, plaintiff reported to the PCC medical department. Plaintiff claims that he reported the nature of his injuries to medical personnel, but that they did not respond appropriately. Plaintiff alleges that over the course of several months, medical personnel were deliberately indifferent to his serious medical needs, and that they denied him treatment for his burns and an acute infection that developed in his ear.

In the amended complaint there are no factual allegations as to defendants Steele and Lombardi. Plaintiff alleges in Count VII "Failure to Protect" that defendants Lombardi and Steele "failed to properly train, supervise, control and/or discipline the MDOC correctional officers and were thereby deliberately indifferent to [plaintiff]'s health and safety and tacitly authorized the actions of the correction officers such that those failure to supervise, control and/or discipline the correctional officers reflects a deliberate or conscious choice by Lombardi and Steele." Id. In Count

VIII, plaintiff alleges defendant "Lombardi failed to use such care as a reasonably prudent Director of the MDOC would use under the same or similar circumstances and was thereby negligent in that among other things he failed to supervise, control and/or discipline the correctional officers and failed to adequately arrange for the necessary health care services of [plaintiff], as required by Missouri law." Id. at 16. In Count IX, he alleges defendant "Steele failed to use such care as a reasonably prudent warden and chief administrative officer would use under the same or similar circumstances and was thereby negligent in that among other things he failed to supervise, control and/or discipline the correctional officers and failed to adequately arrange for the necessary health care services of [plaintiff]." Id.

For damages, plaintiff alleges that as a result of the events described in his amended complaint, he has lost hearing in his ear. Plaintiff also claims past, present, and future physical, mental, and emotional pain and anguish as a result of the attack and improper medical care.

### *III. Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

## IV. *Discussion*

### A. **Eleventh Amendment Immunity**

The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States by Citizens of another State." U.S. Const. amend. XI. The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of another states, citizens of foreign states, or foreign nations. See U.S. Const. amend. XI; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 97-98 (1984) (" Pennhurst II "). The Eleventh Amendment prohibits suits where the action is in fact against the state as the real party in interest. Ford Motor Co. v. Department of Treasury of Ind., 323 U.S. 459, 464 (1945) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign

immunity from suit . . . .") (overruled on other grounds by <u>Lapides v. Board of Regents of Univ. Sys. of Ga.</u>, 535 U.S. 613, 614–15 (2002)). A state is the real party in interest if "the decision rendered would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the State to act or refrain from acting." <u>Pennhurst II</u>, 465 U.S. at 101.

Eleventh Amendment immunity extends to states and "arms" of the state. <u>Alden v. Maine</u>, 527 U.S. 706, 756 (1999); <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nixon</u>, 210 F.3d 814, 819 (8th Cir.), cert. denied, 531 U.S. 958 (2000). Whether an entity constitutes an "arm" of the state turns on its relationship to the state under state law. <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 430-31 and n. 5 (1997).

The Eighth Circuit has held that MDOC is an arm of the state entitled to Eleventh Amendment immunity. <u>See</u> <u>Harris v. McSwain</u>, 417 F. App'x 594, 595 (8th Cir. 2011) ("the claims against MDOC must be dismissed because MDOC is immune from suit under the Eleventh Amendment"); <u>Monroe v. Ark. State Univ.</u>, 495 F.3d 591, 594 (8th Cir. 2007) (stating that the Eleventh Amendment bars suit against a state agency for "any kind of relief"). Plaintiff's claims against MDOC are barred by the Eleventh Amendment. <u>Id.</u>

As for the claims against Lombardi and Steele in their official capacities, the Court also finds these claims are barred by the Eleventh Amendment. A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the public entity itself. <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991). It is well established that states and state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U .S. 58, 71 (1989). As a result, suits against public officials in their official capacity should be treated as suits against the public entity. <u>Johnson v. Outboard

Marine Corp., 172 F.3d 531, 535 (8th Cir.1999) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). The Eleventh Amendment prohibits the imposition of monetary damages against the state, or against state officials in their official capacities. Edelman v. Jordan, 415 U.S. 651, 663 (1974); DeYoung v. Patten, 898 F.2d 628, 635 (8th Cir.1990). Plaintiff is not asking for injunctive relief as to defendants Steele and Lombardi; he is asking for money damages. Consequently, plaintiff's claims for monetary damages against these defendants in their official capacities are barred by the Eleventh Amendment.

Plaintiff argues in his response to defendants' motion that Missouri has waived Eleventh Amendment immunity because the judgment in this case would not be satisfied out of the general treasury, but rather it would be paid out of the State Legal Expense Fund, a separate fund set aside in Missouri for the satisfaction of judgments against state offers, employee and agencies. See Mo. Rev. Stat. § 105.711. Like the court in Johnson v. Board of Police Comm'r, 2007 WL 1629909, at *3 (E.D. Mo. Jun. 4, 2007), the Court finds this argument is unpersuasive. Even assuming that judgment in this case would be satisfied out of the State Legal Expense Fund, the state would still remain the real party in interest. Although designated as money for legal expenses, the fund remains state money, and a decision in this case would "operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the State to act or refrain from acting." Pennhurst II, 465 U.S. at 101. What is more, the Missouri legislature amended the State Legal Expense Fund statute to explicitly state that "Sections 105.711 to 105.726 do not waive sovereign immunity for the State of Missouri." Mo. Rev. Stat. § 105.726. Therefore, Missouri has not waived its Eleventh Amendment immunity for claims such as those brought by plaintiff.

Citing to state law, plaintiff also argues that the state is not entitled to "sovereign immunity" because the State of Missouri has purchased liability insurance for the tort liability of MDOC. This argument also fails. In support of his argument, plaintiff has cited to state law as it applies to the state law doctrine of sovereign immunity, not to federal law as it applies to the Eleventh Amendment of the United States Constitution.

The Court finds defendant MDOC and defendants Steele and Lombardi, to the extent they are sued in their official capacities, are entitled to Eleventh Amendment sovereign immunity. Bakhtiari v. Lutz, 507 F.3d 1132, 1138 (8th Cir. 2007) (claims under § 1981, § 1983, and state law barred because defendants had not waived sovereign immunity). The Court dismisses plaintiff's claims against defendant MDOC and defendants Lombardi and Steele in their official capacities.

### B. Section 1983

There remains claims against defendants Steele and Lombardi in their individual capacities. Count VII of plaintiff's amended complaint is captioned "Failure to Protect" against defendants Lombardi and Steele. In the body of this claim, plaintiff alleges defendants Lombardi and Steele "failed to properly train, supervise, control and/or discipline the MDOC correctional officers and were thereby deliberately indifferent to [plaintiff]'s health and safety and tacitly authorized the actions of the correction officers such that those failure to supervise, control and/or discipline the correctional officers reflects a deliberate or conscious choice by Lombardi and Steele." See Doc. 38 at 15.

There are no factual allegations directed at Lombardi and Steele as to this claim in the amended complaint. Defendant George Lombardi is the director of MDOC, and defendant Troy Steele is the warden at PCC. There are no allegations in the amended complaint that defendants

Lombardi and Steele were present during the altercation in plaintiff's cell, or that they were even aware of it, his injuries or medical treatment. Plaintiff's allegations against these two defendants are based solely on the fact that they are in supervisory positions within MDOC.

There is no vicarious liability under 42 U.S.C. § 1983. Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 691 (1978). A supervisor may not be held liable under § 1983 merely because his subordinate committed a constitutional tort. See Clay v. Conlee, 815 F.2d 1164, 1169 (8th Cir. 1987). Furthermore, "[i]t is well settled that 'a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.'" Reynolds v. Dormire, 636 F.3d 976, 981 (8th Cir. 2011) (quoting Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)). The Court believes this holding would also extend further up the organization chart to the Director of MDOC.

In order to be held liable under § 1983, a supervisor must either "directly participate[ ] in the constitutional violation or [ ] fail[ ] to train or supervise the subordinate who caused the violation." Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 673 (8th Cir. 2007). The Eighth Circuit has provided the following framework for determining supervisory liability under § 1983: a supervisor is liable if he or she "(1) had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) [was] deliberately indifferent to or tacitly authorized those acts; and (3) failed to take 'sufficient remedial action'; (4) proximately causing injury to [plaintiff]." Livers v. Schenck, 700 F.3d 340, 356 (8th Cir.2012) (quoting Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996). See also Jane Doe A. v. Special Sch. Dist. of St. Louis Cnty., 901 F.2d 642, 645 (8th Cir. 1990). "In order to show deliberate indifference or tacit authorization, [plaintiffs] must allege

and ultimately prove [defendants] 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'" Id.

Plaintiff only makes conclusory allegations against defendants Lombardi and Steele. Plaintiff pleads no facts as to the conduct or states of mind of defendants Lombardi and Steele. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. In Count VIII, plaintiff merely recites the elements of a § 1983 claim – and not all of the elements at that. There are no factual allegations as to defendants Lombardi's and Steele's specific actions or knowledge. Therefore, plaintiff has failed to state claims under § 1983 against these two defendants.

**C.     Negligence**

Plaintiff also brings state law negligence claims against defendants Lombardi and Steele in their individual capacities, and defendants move to dismiss these claims. Under Missouri law, the elements for a claim of negligence are: (1) defendant has a legal duty to use ordinary care to protect plaintiff from injuries; (2) breach of that duty; (3) proximate cause between the breach and resulting injury; and (4) actual damages to plaintiff's person or property. Phelps v Bross, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002). "Where the existence of a duty is established, however, it is not one to protect against every possible injury which might occur." Hoover's Dairy, Inc. v. Mid-American Dairymen, Inc./Special Prds., Inc., 700 S.W.2d 426, 431 (Mo. banc 1985) (quoting Irby v. St. Louis County Cab Co., 560 S.W.2d 392, 394 (Mo. Ct. App. 1977)). The duty is generally measured by "whether or not

a reasonably prudent person would have anticipated danger and provided against it." Hoover's Dairy, 700 S.W.2d at 431 (citing Scheibel v. Hillis, 531 S.W.2d 285, 288 (Mo. banc.1976)). See also Smith v. Archbishop of St. Louis, 632 S.W.2d 516, 521 (Mo. Ct. App. 1982). "In order to make a submissible case for negligence, a plaintiff must show both causation in fact and proximate cause." Jones v. Ames, 901 S.W.2d 160, 163 (Mo. Ct. App. 1995) (quoting Koerber v. Alendo Bldg. Co., 846 S.W.2d 729, 730 (Mo. Ct. App. 1992). "Proximate cause" is the causal connection between the actor's conduct and the resulting injury. Jones, 901 S.W.2d at 163 (citing Van Vacter v. Hierholzer, 865 S.W.2d 355, 358 (Mo. Ct. App. 1993)).

Plaintiff's negligence claims against defendants Lombardi and Steele fail for the same reason plaintiff's § 1983 claims fail – he fails to plead any facts as to the conduct of states of minds of defendants Lombardi or Steele. Plaintiff does not allege that defendants Lombardi and Steele were present during the attack, or that they were even aware of the attack. He also does not plead that these defendants knew of his injuries or the medical treatment he was or was not receiving. The Court also agrees with defendants that there are no factual allegations as to causation. Like his § 1983 claims, plaintiff only pleads the elements of negligence, which is not enough. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Defendants' motion to dismiss will be granted on these grounds.

*V. Conclusion*

In sum, the Court finds defendant MDOC and defendants Steele and Lombardi, to the extent they are sued in their official capacities, are entitled to Eleventh Amendment sovereign immunity. As for plaintiff's claims against defendants Steele and Lombardi in their individual capacities, plaintiff has failed to state claims under § 1983 and under state law for negligence because plaintiff

-11-

does not plead any facts as to the conduct or states mind of these defendants. In his amended complaint, plaintiff only offers a recitation of the elements of these claims, which is not enough to avoid dismissal. Because the Court has decided these defendants are entitled to dismissal on these grounds, the Court need not decide whether defendants Steele and Lombardi are entitled to qualified immunity, official immunity, or whether claims against these defendants are barred by the public duty doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Missouri Department of Corrections, Troy Steele, and George Lombardi's motion to dismiss is **GRANTED.** [Doc. 45]

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_12th\_\_\_\_\_ day of February, 2014.