UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT WILLIAMSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:12-cv-01548-CAS |
| | ) | |
| v. | ) | |
| | ) | |
| TROY STEELE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' TRIAL BRIEF

Defendants Charles Sullens and Charles Lawson ("Defendants"), by and through their undersigned counsel, submit their Trial Brief pursuant to the Case Management Order entered by the Court on June 10, 2015 (Doc. 144).

### I.   Factual Background

On May 23, 2011, Plaintiff and his cellmate got into a fight in their cell at the Postosi Correctional Center ("PCC"). Defendants and another officer responded to Plaintiff's cell, and attempted to break up the fight. In the course of attempting to break up the fight, Plaintiff's cellmate managed to elude the officers and kick Plaintiff in the head while Plaintiff was on the floor being restrained by Defendant Sullens. When Plaintiff's cellmate kicked him in the head, the officers responded immediately to restrain Plaintiff's cellmate and regain

control of the situation. Once they regained control, Defendants conveyed Plaintiff to the medical unit, where he received treatment for his injuries. Both Plaintiff and his cellmate were issued conduct violations in connection with their fight.

II.     **Factual Issues**

The primary factual issue in this case will be whether Defendants meant for Plaintiff's cellmate to harm him or assisted him in doing so. Plaintiff alleges the officers purposefully assisted Plaintiff's cellmate in kicking him in the head. Although a video from a camera mounted in the wing conclusively disproves Plaintiff's version of events, Plaintiff alleges, without any support other than his own self-serving statements, that the video is not authentic. If the jury believes the video is authentic, Defendants will prevail on Plaintiff's claims.

III.    **Legal Issues**

    a. Whether Defendants were deliberately indifferent to Plaintiff's safety.

Plaintiff alleges that Defendants failed to protect him from his cellmate on May 23, 2011. Prison officials may be held liable under the Eighth Amendment for failing to protect an inmate from an attack by another inmate if they were knew the inmate was at serious risk of attack, and were deliberately indifferent to that risk. *See, e.g.*, *Whitson*

2

*v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010). Whether Defendants were deliberately indifferent to Plaintiff's safety is a question for the jury.

    b. <u>Whether Defendants acted with bad faith or with malice.</u>

Plaintiff has alleged Defendants were negligent in their failure to prevent Plaintiff's cellmate from kicking him in the head on May 23, 2011. However, given that providing security over a person is a discretionary duty, *Teasley v. Forler*, 548 F. Supp. 2d 694, 710 (E.D. Mo. 2008), Defendants will be entitled to official immunity unless Plaintiff can prove Defendants acted in bad faith or with malice toward Plaintiff. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986).

The question of whether Defendants acted in bad faith or with malice is a jury question. *See Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466, 480 (Mo. App. W.D. 2005) ("The jury will be required to determine whether Plaintiff has established that Defendants acted in bad faith or with malice. A jury should be given an opportunity to consider all the evidence that both sides can present and decide whether or not [Defendant] acted in bad faith or with malice when he arrested [Plaintiff].").

.

        Respectfully submitted,

        **CHRIS KOSTER**,
        Attorney General


        /s/ H. Anthony Relys
        H. Anthony Relys, #63190
        Assistant Attorney General
        Post Office Box 861
        St. Louis, MO  63188
        Tel: (314) 340-7861
        Fax: (314) 340-7029
        E-mail: Tony.Relys@ago.mo.gov

        *Attorneys for Defendants Sullens and Lawson*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 19, 2015, the foregoing **Defendants' Trial Brief** was served via the Court's electronic filing system upon all counsel of record.

                                                              /s/ H. Anthony Relys  
                                                              H. Anthony Relys  
                                                              Assistant Attorney General