IN THE UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:12-cv-01548-CAS |
| vs. ) | |
| ) | |
| CORIZON, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| WILLIAM MCKINNEY, ) | |
| ) | |
| JEAN DAUGHERTY, ) | |
| ) | |
| CHARLES LAWSON, ) | |
| ) | |
| CHARLES SULLENS, ) | |
| ) | |
| AND ) | |
| ) | |
| LOLA ANN BRANNUM, ) | |
| ) | |
| Defendants. ) | |

<u>TRIAL MEMORANDUM
OF PLAINTIFF LAMONT WILLIAMSON</u>

**I.   <u>Facts.</u>**

Plaintiff Lamont Williamson was an inmate at the Potosi Correctional Center (PCC) in Potosi, Missouri in 2011. On May 23, 2011, Plaintiff Williamson and his cellmate, inmate Issa Emerson, were involved in an altercation in their cell in B wing, Housing Unit 3 at PCC. The altercation began when inmate Emerson threw boiling coffee on Plaintiff Williamson. A serious fight ensued. Defendants Charles Sullens and Charles Lawson were correctional officers at the Potosi Correctional Center on May 23,

1

2011.  They were employed by a Division of the State of Missouri.  Defendants Sullens and Lawson and another correctional officer, Officer Brown, responded to the altercation.  Defendant Sullens sprayed pepper spray through the door into the cell, hitting Plaintiff Williamson in the face.  Defendants Sullens and Lawson then entered the cell and Plaintiff Williamson was removed from the cell.  Defendant Sullens ordered Plaintiff Williamson to get on the ground in front of the cell and Plaintiff complied.  Defendant Sullens then knelt down to restrain Plaintiff Williamson and placed his knee on Plaintiff's thigh to keep him pinned down.  While Plaintiff was being restrained, inmate Emerson remained in the back of the cell.  Inmate Emerson was then placed in arm restraints and brought out of the cell.  Upon exiting the cell near where Plaintiff Williamson was on the ground in restraints, inmate Emerson kicked Plaintiff Williamson in the head and injured him.  Plaintiff Williamson was taken to the medical wing for evaluation.  Plaintiff Williamson was transferred to the Southeast Correctional Center (SECC) in October of 2011.

## II.     Legal Analysis.

The legal issues in this case are straight-forward:

1.     Did the Defendants exhibit deliberate indifference to Plaintiff Lamont Williamson's health and safety when he was placed in a totally vulnerable situation and another inmate, Issa Emerson, was allowed to, with a running start, kick him in the head?

2.     Were the Defendant Correctional Officers negligent in their handling of the situation?

A. <u>Federal Civil Rights Claim</u>.

Plaintiff Williamson can succeed in his claim against Defendants if he demonstrates that they exhibited deliberate indifference to his well-being in violation of the 8th and 14th Amendments to the United States Constitution. Prison officials have the duty to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They must take reasonable measures to "protect [detainees] from violence at the hands of other prisoners." *Id.* The Eighth Amendment imposes this duty because being subjected to violent assaults is not "part of the penalty that criminal offenders pay for their offenses." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

As note by this Court, to prevail in a suit under 42 U.S.C. § 1983, an inmate seeking damages from prison officials for failing to protect him or her from assault by another inmate must show:

> that the prison official was deliberately indifferent to a "substantial risk of serious harm." *Young v. Selk,* 508 F.3d 868, 872 (8th Cir. 2007). In doing so, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious; i.e., whether the inmate "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834. The second requirement is subjective and requires that the inmate prove that the prison official had a "sufficiently culpable state of mind." *Id.* In prison conditions claims, which include failure-to-protect allegations, the subjective inquiry regarding an official's state of mind is one of " 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)). An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably. *Id.* at 837.

*Whitson v. Stone Cnty. Jail,* 602 F.3d 920, 923 (8th Cir. 2010). *See also Walls v. Tadman,* 762 F.3d 775, 782 (8th Cir. 2014).

3

Plaintiff will make a submissible case on these issues. The two Correctional Officer Defendants knew that Plaintiff Williamson and Offender Emerson had been in a serious fight. They further knew that Plaintiff Williamson had been sprayed in the face with pepper spray, had been removed from the cell, had been placed face down on the catwalk outside of the cell, and had Correctional Officer Sullens kneeling on his thighs/lower back with Plaintiff's arms secured behind his back. Notwithstanding Plaintiff Williamson's extremely vulnerable position, the Defendant Correctional Officers led Offender Emerson right by Plaintiff Williamson. The Defendant Correctional Officers knew of Plaintiff Williamson's vulnerable position and the obvious animus that Offender Emerson had for him. The attack by Emerson on the vulnerable Plaintiff Williamson could have been easily voided if the Defendants had taken even the most basic precautions.

B.  <u>Missouri State Negligence Claim</u>.

The Defendant Correctional Officers were required to act as reasonably careful and prudent Correctional Officers would have acted under the same or similar circumstances. Missouri courts have recognized jailers owe a duty to inmates in custody to protect them from assaults from other inmates. *State ex. rel. Miser v. Hay,* 328 S.W.2d 672, 676 (Mo. 1959) (plaintiff, who was assaulted by other inmates, "presents a case of alleged negligence, arising out of the alleged failure of the defendant to exercise ordinary care for the safety of the plaintiff while in his custody.") For the same reasons that the Defendants violated Plaintiff Williamson's constitutional rights, they were also negligent toward him. The Defendant Correctional Officers knew or should of known of the threat

4

of danger to Plaintiff Williamson yet did not take the basic steps which their training and good sense required.

### III.     Conclusion.

Plaintiff will make a submissible case on both his Federal Constitutional and State Law claims.  The jury will have to decide whether the Defendant Correctional Officers violated Plaintiff's Federal Constitutional rights under the 8th and 14th Amendments and were negligent in their actions toward him.  If the jury finds for Plaintiff on either of the claims submitted, the jury will be authorized to award actual and punitive damages against the Defendants.

**Respectfully submitted,**

**BLANTON, RICE, NICKELL,**
**COZEAN & COLLINS, LLC**
219 South Kingshighway
Post Office Box 805
Sikeston, MO 63801
PHONE: 573-471-1000 FAX: 471-1012
Email: jblanton@blantonlaw.com

By: /s/ Joseph C. Blanton, Jr.___ _____
    Joseph C. Blanton, Jr.     #32769MO
    Rachel R. Harris           #65953MO

*Attorneys for Plaintiff Lamont Williamson*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2015, the foregoing Trial Memorandum was filed and served via the Court's electronic filing system and electronic mail to the following:

Mr. Tony Relys
Assistant Attorney General
Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
tony.relys@ago.mo.gov
*Attorney for Defendants*
*Sullens and Lawson*

                                                **/s/ Joseph C. Blanton, Jr.**
                                                Joseph C. Blanton, Jr.