# INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

*Eighth Circuit Model Instructions* (2014), Instruction 3.1, Explanatory: Additional Instructions

Submitted by Defendants

INSTRUCTION NO. 2

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

*Eighth Circuit Model Instructions*, Instruction 3.2 (2014), Explanatory: Judge's Opinion

Submitted by Defendants

# INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

*Eighth Circuit Model Instructions*, Instruction 3.3 (2014), Explanatory: Credibility of Witnesses

Submitted by Defendants

## INSTRUCTION NO. 4

You will have to decide whether certain facts have been proved. A fact has been proved, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

*Eighth Circuit Model Instructions*, Instruction 3.4 (2014), Explanatory: Burden of Proof (Ordinary Civil Case)

Submitted by Defendants

# INSTRUCTION NO. 5

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. None of defendants are to be prejudiced should you find against one defendant.

3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.) (modified)

Submitted by Defendants.

# INSTRUCTION NO. 4

Your verdict must be for the plaintiff and against defendant Charles Sullens on Plaintiff's failure to protect from attack claim if all the following elements have been proved:

*First*, inmate Issa Emerson kicked the plaintiff; and

*Second*, the defendant was aware of the substantial risk of an attack; and

*Third*, the defendant, with deliberate indifference to the plaintiff's need to be protected from such attack, failed to protect the plaintiff;

*Fourth*, as a direct result, the plaintiff was injured; and

If any of the above elements has not been proved, then your verdict must be for the defendant.

*Eighth Circuit Model Instructions* (2014), Instruction 4.44, Elements of claim: Failure to Protect from Attack – Specific Attack – Convicted Prisoners – Eighth Amendment (modified to remove "color of state law" requirement)

Submitted by Defendants

# INSTRUCTION NO. 7

Your verdict must be for the plaintiff and against defendant Charles Lawson on Plaintiff's failure to protect from attack claim if all the following elements have been proved:

*First*, inmate Issa Emerson kicked the plaintiff; and

*Second*, the defendant was aware of the substantial risk of an attack; and

*Third*, the defendant, with deliberate indifference to the plaintiff's need to be protected from such attack, failed to protect the plaintiff;

*Fourth*, as a direct result, the plaintiff was injured; and

If any of the above elements has not been proved, then your verdict must be for the defendant.

*Eighth Circuit Model Instructions* (2014), Instruction 4.44, Elements of claim: Failure to Protect from Attack – Specific Attack – Convicted Prisoners – Eighth Amendment (modified to remove "color of state law" requirement)

Submitted by Defendants

# INSTRUCTION NO. 8

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the plaintiff would be attacked and if the defendant disregards that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

*Eighth Circuit Model Instructions* (2014), Instruction 4.23, Definition: Deliberate Indifference – Convicted Prisoners and Pretrial Detainees

Submitted by Defendants

# INSTRUCTION NO. 9

The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your findings in this case. Instructions as to the measure of damages are given only for your guidance and for your use only in the event that you should find in favor of the Plaintiff by a greater weight of the evidence on the question of liability and in accord with the other instructions.

3 Fed. Jury Prac. & Instr. § 106.02 (5th ed.) (modified)

Submitted by Defendants

# INSTRUCTION NO. 10

If you find in favor of the plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find he sustained as a direct result of the conduct of the defendants as submitted in Instruction Nos. 6 and 7. You should consider the following elements of damages:

1. The physical pain and mental or emotional suffering the plaintiff has experienced; the nature and extent of the injury, and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

*Eighth Circuit Model Instructions*, Instruction 4.70, Damages: Actual – Prisoner Civil Rights

Submitted by Defendants

# INSTRUCTION NO. 10 A
## DAMAGES: NOMINAL – PRISONER CIVIL RIGHTS

If you find in favor of the plaintiff under Instruction(s) 6 and 7, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

(8th CIR. CIVIL JURY INSTR. §4.71 (2014))

Submitted by Blanton, Rice, Nickell, Cozean & Collins, LLC
Attorneys for Plaintiff

# INSTRUCTION NO. 11

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of the occurrence mentioned in the evidence.

MAI (7th ed.), Instruction 4.01, [2002 Revision] Personal and Property

Submitted by Defendants

# INSTRUCTION NO. 12

Your verdict must be for Plaintiff if you believe:

*First*, defendant Charles Sullens failed to protect Plaintiff from Issa Emerson, and

*Second*, defendant Charles Sullens acted in bad faith or with malice, and

*Third*, as a direct result of defendant's bad faith or malice, plaintiff sustained damage.


MAI (7th ed.), Instruction 31.00, [2011 New] General Negligence—Single Negligent Act Submitted (modified); *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986)

Submitted by Defendants

# INSTRUCTION NO. 13

Your verdict must be for Plaintiff if you believe:

*First*, defendant Charles Lawson failed to protect Plaintiff from Issa Emerson, and

*Second*, defendant Charles Lawson acted in bad faith or with malice, and

*Third*, as a direct result of defendant's bad faith or malice, plaintiff sustained damage.

MAI (7th ed.), Instruction 31.00, [2011 New] General Negligence—Single Negligent Act Submitted (modified); *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986)

Submitted by Defendants

INSTRUCTION NO. 14

The term "bad faith" as used in Instruction No. 12 and 13, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.

*State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986)

Submitted by Defendants

48

INSTRUCTION NO. 15

The term "malice" as used in Instruction No. 12 and 13 means that a person wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial to another. An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others.

*State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986)

Submitted by Defendants

# INSTRUCTION NO. 16

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the marshal and I will answer you as soon as I can, either in

writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the marshal that you are ready to return to the courtroom.

*Eighth Circuit Model Instructions* (2014), Instruction 3.6, Explanatory: Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

Submitted by Defendants

37