# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12-CV-1548 CAS |
| TROY STEELE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Lamont Williamson's motion for new trial, which he makes pursuant to Federal Rule of Civil Procedure 59(a). Defendant opposes the motion, which is fully briefed and ripe for review. For the following reasons, the Court will deny plaintiff's motion for new trial.

### *Discussion*

Plaintiff Lamont Williamson is a prisoner residing at the Southeast Correctional Center in Charleston, Missouri. Plaintiff's claims in this suit arise from an incident that occurred following a fight between himself and his cell mate. In his Third Amended Complaint, plaintiff alleged two claims against the remaining two defendants, Charles Sullens and Charles Lawson, who are correctional officers with the Missouri Department of Corrections. The first count alleges violations of plaintiff's Eighth Amendment rights and the second alleges state law negligence. The Court denied defendants' motion for summary judgment with regard to these two claims, and after a two-day trial, the jury returned a defense verdict as to both counts.

Plaintiff now moves for a new trial pursuant to Federal Rule of Civil Procedure 59. Plaintiff asserts that he is entitled to a new trial because the Court erred in submitting defendants' proposed jury instructions with regard to plaintiff's state law negligence claims.

### *Standard*

It is almost entirely within the discretion of the trial court whether to grant a new trial. See Federal Rule of Civil Procedure 59(a); Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000).

"A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). The key question is whether a new trial is required to avoid a miscarriage of justice. Belk, 228 F.3d at 878.

For the Court to order a new trial, the requesting party must have suffered prejudice due to the denial of the proposed instructions. American Family Mut. Ins. Co. v. Graham, 792 F.3d 951, 958 (8th Cir. 2015). "The court abuses its discretion only when the omitted instruction: (1) correctly state[s] the applicable law; (2) address[es] matters not adequately covered by the charge; and (3) involve[s] a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case." Id. (quotations omitted) (citing Cox v. Dubuque Bank & Trust Co., 163 F.3d 492, 497 (8th Cir. 1998); Thomlison v. City of Omaha, 63 F.3d 786, 791 (8th Cir. 1995)).

*Analysis*

Plaintiff alleged state law negligence claims against defendants Sullens and Lawson based on their supposed failure to protect him from his cell-mate following a fight. Missouri courts have recognized jailers owe a duty to inmates in custody to protect them from assaults from other inmates. See, e.g., State ex. rel. Miser v. Hay, 328 S.W.2d 672, 676 (Mo. 1959) (plaintiff, who was assaulted by other inmates, "presents a case of alleged negligence, arising out of the alleged failure of the defendant [ ] to exercise ordinary care for the safety of the plaintiff while in his custody . . ."). But under Missouri law, negligence claims against public officials may be subject to the doctrine of official immunity. Under Missouri law, "public officers acting within the scope of their authority are not liable [in negligence] for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity." State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo.1986) (en banc) (citing Kanagawa v. State, 685 S.W.2d 831, 835 (Mo. banc 1985)); see also Reasonover v. St. Louis Cnty., Mo., 447 F.3d 569, 585 (8th Cir. 2006)

2

(cited case omitted). Official immunity does not apply, however, to discretionary acts done in bad faith or with malice. State ex rel. Twiehaus, 706 S.W.2d at 446.

In this case, the parties did not dispute that defendants' conduct in maintaining security over plaintiff was discretionary, not ministerial. See, e.g., Teasley v. Forler, 548 F.Supp.2d 694, 710 (E.D. Mo. 2008) ("maintaining security over someone is a discretionary. . . function."). Accordingly, the official immunity doctrine applied, and defendants could not be held liable for mere negligence in protecting plaintiff. Because the doctrine applied, the issue at trial was whether defendants acted with malice or in bad faith.

At trial, the following instruction was submitting to the jury with regard to plaintiff's state law tort claim against defendants Sullens and Lawson:

> Your verdict must be for Plaintiff if you believe:
> First, defendant [ ] failed to protect Plaintiff from [his cellmate], and
> Second, defendant [ ] acted in bad faith or with malice, and
> Third, as a direct result of defendant's bad faith or malice, plaintiff sustained damage.

See Doc. 193, Instructions 12 and 13. The instruction was based a modified Instruction 31.00, M.A.I. (7th ed. 2011) and State ex rel. Twiehaus, 706 S.W.2d at 447.

Plaintiff proposed the following instruction based on M.A.I. 31.00:

> Your verdict must be for plaintiff Lamont Williamson against defendant[ ] if you believe:
> First, defendant [ ] failed to protect plaintiff from an attack by another inmate while restrained, and
> Second, defendant [ ] was thereby negligent; and
> Third, as a direct result of such negligence plaintiff Lamont Williamson sustained damage.
> [unless you believe plaintiff is not entitled to recover by reason of Instruction ____.]

Doc. 158 at 45. Plaintiff argues that it was error for the Court not to have submitted this instruction to the jury. Plaintiff's proposed instruction, however, fails to take into account that defendants cannot be held liable for negligence in breaking up the fight between plaintiff and his cellmate. Plaintiff admitted that breaking up the fight was a discretionary act not a ministerial act and, therefore, defendants would be immune from liability unless there was a finding of bad faith or malice. Doc. 120 at 9-10. It would have been improper and nonsensical to have instructed the jury

3

on negligence when the plaintiff himself conceded that negligence was not the proper standard for liability. Plaintiff was not entitled to the instruction he proposed.

In his motion, plaintiff criticizes the instruction that was submitted to the jury because, he argues, it improperly shifted the burden of proof to plaintiff. Citing Rhea v. Sapp, 463 S.W.3d 370, 376 (Mo. Ct. App. 2015), plaintiff contends that official immunity is an affirmative defense and, thus, it was defendants' burden of proof to establish that they did not act with malice or in bad faith. The cases to which plaintiff cites do not support his argument. The Court agrees that defendants had the burden of establishing that the official immunity doctrine applied in this case, which they did. The Rhea case does not hold that defendants carry the burden of proof of establishing that they did not act with malice or in bad faith. Rather, the case holds that defendants bear the burden of establishing their acts were discretionary and not ministerial. 463 S.W.3d at 376 ("'Official immunity is only available to a public official when he exercises legitimate authority in a discretionary manner.' . . . 'Acts which exceed a public official's legitimate authority are not discretionary and are not protected by official immunity.' . . . As the party asserting the affirmative defense of official immunity, an individual defendant bears the burden of pleading and proving that he is entitled to that defense.") (quoting Nguyen v. Grain Valley R-5 Sch. Dist., 353 S.W.3d 725, 730 (Mo. Ct. App. 2011)). The Rhea case, and the case upon which it relied, Nguyen, addressed whether the defendants had established that their acts were discretionary and, therefore, the doctrine of official immunity was applicable. The cases did not address the appropriate jury instructions if indeed the doctrine applied. See Rhea, 463 S.W.3d at 376; Nguyen, 353 S.W.3d at 730.

In this case, it was undisputed that the conduct plaintiff challenged was discretionary not ministerial and, therefore, defendants were immune from liability based on conduct that amounted to negligence. In the Court's view, the instruction that was given properly stated the applicable standard under Missouri law; that there would be no liability unless plaintiff showed defendants acted with malice or in bad faith. State ex rel. Twiehaus, 706 S.W.2d at 447 ("It would appear that,

4

since plaintiffs' petition contains no allegation of a malicious motive or purpose or of conscious wrongdoing, it therefore fails to state a claim which is not barred by official immunity.")

That said, even if the instruction improperly shifted the burden of proof to plaintiff with regard to his state tort claim, plaintiff is not entitled to a new trial because there is no indication that he suffered prejudice. With regard to plaintiff's Eighth Amendment claim, the jury found that defendants were not deliberately indifferent to plaintiff's need to be protected. Therefore, it is logical to conclude that the jury would not have found defendants acted with malice or in bad faith, no matter who carried the burden.

*Conclusion*

In sum, there has been no miscarriage of justice resulting from the jury instructions that were given, and plaintiff is not entitled to a new trial. Belk, 228 F.3d at 878 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lamont Williamson's Motion for New Trial is **DENIED.** [Doc. 197]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of June, 2016.